**DEIBEL, Plaintiff-Appellant, v KREISS ET, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20346. Decided June 16, 1947.

NICHOLS, J, of the Seventh District; DOYLE, J, and STEVENS, J, of the Ninth District, sitting by designation in the Eighth Appellate District.

John J. Tetlow, Cleveland, for plaintiff-appellant.
Thos. J. Gunning, for defendants-appellees.

**OPINION**

PER CURIAM.
This is an appeal on questions of law from a judgment

for the defendants entered by the court of common pleas on the pleadings and opening statement of counsel for the plaintiff. The trial court sustained defendant's motion for judgment on the pleadings and opening statement of plaintiff's counsel for the announced reason "that the matter is res adjudicata."

The bill of exceptions contains nothing except the incomplete statement of plaintiff's counsel as to the nature of the previous action, disposition of which, it was determined, rendered this action subject to application of the doctrine of "res adjudicata."

Upon the record before us, we cannot determine whether or not the doctrine of res adjudicata is here applicable.

The action as filed by the plaintiff was one seeking to impress a trust on funds which were being administered by the probate court of this county and to compel the defendant bank depository to pay over to plaintiff the amount found to be due him. Those funds, although presently in the hands of the bank as stake holder, are subject to the exclusive jurisdiction and control of the probate court.

Section 10501-53 GC provides:

"Except as hereinafter provided, the probate court shall have jurisdiction * * * * * * *

"3. To direct and control the conduct, and settle the accounts of executors and administrators and order the distribution of estates. * * * * * *

"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law. * * * * * * ."

If, in pursuance of an equitable action to impress a trust upon funds which are in the hands of an administrator, the common pleas court can order a trust impressed and the sum so found to be subject to the trust, paid over to the plaintiff as was requested in this case, then the probate court can be thus ousted of its exclusive jurisdiction, and of its right to order the distribution of estates.

This, we conclude, cannot properly be done.

Under the pleadings in this case and upon the opening statement of counsel, it is apparent that the relief sought could not be granted by the Court of Common Pleas without invading the exclusive jurisdiction of the probate court. The plaintiff stated no cause of action in his petition and was

therefore entitled to no relief as prayed for in his petition; the entry in the court of common pleas should have been one dismissing the plaintiff's petition.

The judgment is therefore modified to order dismissal of the petition, and as modified, is affirmed.

NICHOLS, J, DOYLE, J, and STEVENS, J, concur.